In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00103-CV
______________________________


 
 
IN THE MATTER OF M. A. M., A JUVENILE
 
 


                                              

On Appeal from the County Court at Law
 Hunt County, Texas
Trial Court No. J-01031


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            In May 2004, nine-year-old D.I. came into her mother's bedroom in the middle of the night
and reported that her stepbrother, fourteen-year-old M.A.M., had just done something "nasty" to her. 
Earlier that evening, D.I. and M.A.M., along with a couple of other siblings, had been lying on the
floor of the living room in their pajamas, watching television. According to testimony, D.I. had
drifted off to sleep, but awoke to find M.A.M.'s hand inside her pajama bottoms and his finger inside
her.
            Based on evidence that M.A.M. sexually assaulted D.I., M.A.M. was adjudged delinquent. 
In a single point of error, M.A.M. argues that the trial court, in violation of Section 54.031 of the
Texas Family Code, harmfully erred in admitting D.I.'s mother's testimony recounting D.I.'s outcry
to her about the assault. We affirm the trial court's judgment because the mother's testimony was
independently admissible as an excited utterance.
            At trial, when D.I.'s mother began to recount what D.I. told her M.A.M. had done, M.A.M.
lodged a general hearsay objection. The State argued for, and the trial court decided in favor of,
admitting the testimony based on the excited-utterance exception to the hearsay rule. See Tex. R.
Evid. 803(2). No argument was made to the trial court explicitly referencing Section 54.031 of the
Texas Family Code, which by its terms is directly applicable to this situation:
This section applies to a hearing under this title


 in which a child is alleged to be a
delinquent child on the basis of a violation of any of the following provisions of the
Penal Code, if a child 12 years of age or younger is the alleged victim of the
violation: . . . Chapter 22 (Assaultive Offenses).


 

Tex. Fam. Code Ann. § 54.031(a) (Vernon 2002) (footnotes added). Outcry testimony, which is
otherwise inadmissible hearsay, becomes admissible under Section 54.031(c), if (1) the opposing
party is given at least fourteen days' notice which contains the statutorily required elements, (2) the
trial court, as the result of a hearing held outside the presence of the jury, finds the outcry statement
reliable based on its time, content, and circumstances, and (3) the victim is available to testify. Tex.
Fam. Code Ann. § 54.031(c) (Vernon 2002). There is no claim that all elements of Section
54.031(c) were met by the State as to D.I.'s mother's testimony.
            The State asserts M.A.M. failed to preserve error with his general hearsay objection. But we
need not address whether M.A.M.'s objection, lodged at the time D.I.'s mother was about to recount
D.I.'s outcry to her about the sexual assault, properly preserved Section 54.031 noncompliance as
an issue on appeal. Section 54.031 was not the sole vehicle for admission of the testimony.
            The trial court properly overruled the hearsay objection after it had heard evidence sufficient
to establish that D.I. told her mother about the assault shortly after it had happened, while D.I. was
dominated by the emotions of the startling event. See Zuliani v. State, 97 S.W.3d 589, 596 (Tex.
Crim. App. 2003); McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992). The trial
court admitted the testimony under the excited-utterance exception to the hearsay rule. See Tex. R.
Evid. 803(2). On appeal, M.A.M. does not attack the excited-utterance ruling on its merits, but
simply argues that the State must have complied with Section 54.031. We disagree.
            Section 54.031, and its adult-defendant counterpart, Article 38.072 of the Texas Code of
Criminal Procedure, state that an outcry statement "is not inadmissible because of the hearsay rule"
if the provisions of the respective statute are met. Tex. Fam. Code Ann. § 54.031(c); Tex. Code
Crim. Proc. Ann. art. 38.072(b) (Vernon 2005). In other words, an outcry statement, which is
otherwise inadmissible as hearsay, becomes admissible if the statutory terms are met. But an excited
utterance is an independent exception to the hearsay rule, so the outcry statute—whether the juvenile
version or the adult version—is not needed for its admission. See Long v. State, 800 S.W.2d 545,
547 (Tex. Crim. App. 1990) (Article 38.072 allows admission of "statements otherwise excludable"
as hearsay); Skidmore v. State, 838 S.W.2d 748, 753 (Tex. App.—Texarkana 1992, pet. ref'd). The
testimony was, therefore, admissible as an excited utterance notwithstanding noncompliance with
Section 54.031.



            Because the mother's testimony recounted an excited utterance, it was admissible as such. 
There was no error.
 
            We affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          March 9, 2006
Date Decided:             May 5, 2006